[DO NOT PUBLISH]]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11424

_____

D.C. Docket No. 1:17-cv-03257-TCB

RICHARD V. HARRISON,

                                                        Plaintiff-Appellant,

versus

MACY'S, INC.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia,

_____

(January 9, 2020)

Before WILSON and GRANT, Circuit Judges, and HINKLE,[*] District Judge.

PER CURIAM:

_____
[*] Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

This appeal presented a dispute over arbitrability, but the dispute has disappeared. We vacate the district court's order compelling arbitration and remand for litigation of the merits. We provide only a brief explanation; nothing more is needed.

Richard Valentino Harrison worked two short terms as a seasonal employee at Macy's, Inc. The first was from October 19, 2015 to January 29, 2016. The second was from October 21, 2016 to January 20, 2017. Mr. Harrison asked during the first term, and apparently during the second, to convert his seasonal employment to permanent employment. The answer was no.

In the gap between the two terms of seasonal employment, and again in May 2017 after the second term ended, Mr. Harrison applied for additional positions. When he submitted those applications, Mr. Harrison was not a Macy's employee. Macy's denied the applications.

Mr. Harrison initiated this action with a pro se complaint that was not a model of clarity. The complaint asserted that Macy's denied Mr. Harrison's applications for new employment—the unsuccessful applications submitted while Mr. Harrison was *not* a Macy's employee—because of his race, gender, age, or national origin, or in retaliation for allegations of discrimination he made while a seasonal employee. The complaint also noted Mr. Harrison's requests to convert his seasonal employment to permanent employment.

2

Macy's moved to compel arbitration based on identical arbitration clauses that Mr. Harrison accepted at the outset of each term of seasonal employment. The district court granted the motion. Mr. Harrison appealed. We appointed an attorney to represent Mr. Harrison and directed the filing of supplemental briefs because the appeal appeared to turn on, or at least to touch on, an important issue: the continuing effect of an employment-related arbitration clause after the employment ends. *See, e.g.*, *Litton Fin. Printing Div.  v. NLRB*, 501 U.S. 190 (1991).

In his supplemental reply brief, Mr. Harrison made clear that he does not assert a claim based on the denial of his requests during his seasonal employment to convert his status to permanent employment. References to those requests in the complaint were included only as background information. Mr. Harrison's claims arise instead solely from the denial of the separate applications for employment— the applications submitted when Mr. Harrison was not a seasonal employee. Mr. Harrison explicitly confirmed this at oral argument.

For its part, Macy's conceded in its supplemental brief that the arbitration clauses, by their terms, do not cover the race, gender, age, and national-origin claims arising from the denial of the applications for employment. Macy's still asserted, though, that the retaliation claims arising from the denial of those applications were covered. Macy's said it no longer wished to arbitrate even those claims. Macy's said that it, like Mr. Harrison, now preferred to resolve the entire

3

case through litigation in the district court. At oral argument, Macy's explicitly waived its rights under these arbitration clauses—a waiver that makes clear Macy's will never be able to invoke these existing arbitration clauses to compel Mr. Harrison to arbitrate any claim at any time. Both sides agreed that a proper disposition of this appeal would consist of vacatur of the district court's order compelling arbitration and remand for litigation of Mr. Harrison's claims.[1]

We agree.  There are limits on a party's ability, through voluntary action, to force vacatur of an order that has been appealed. *See Alvarez v. Smith*, 558 U.S. 87, 94-97 (2009). But here the order is wrong at least in substantial part, as Macy's has acknowledged, and vacatur is precisely what Mr. Harrison sought all along. Leaving the order intact is not an option. But given the parties' agreement at oral argument that vacatur and remand is appropriate, we no longer need to address the merits of the parties' dispute over the arbitrability of the retaliation claim.

---

[1] We note with some concern the curious timing of the legal arguments made by Macy's. Macy's did not concede that its legal arguments were incorrect regarding the race, gender, age, and national origin claims when it moved in the district court to withdraw its motion to compel arbitration, instead stating that "Defendant explicitly maintains its position that Plaintiff's Solutions InSTORE Program Arbitration Agreement is fully enforceable."  Nor did it so concede in its original briefing before this Court.  Instead, Macy's explained that following, among other things, this Court's appointment of counsel for the previously *pro se* plaintiff, it had "conducted its analysis of the cost-benefit of continuing to fight for its right to arbitrate, and determine[d] that the time and costs of additional briefing and oral argument outweighed the benefit of winning (again) on appeal."  Our resolution of this appeal necessarily depends on Harrison's acquiescence in the proposed vacatur of the lower court's opinion and remand.  *Cf. Harrell v. The Florida Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) ("[W]hen a party abandons a challenged practice freely, the case will be moot only if it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" (quoting *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1131 (11th Cir. 2005))).

4

For these reasons, the district court's order compelling arbitration and the resulting judgment are VACATED, and the case is REMANDED for litigation of Mr. Harrison's claims in the district court.